**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATTI KOPKO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **14-1290** |
| **LEHIGH VALLEY HEALTH** | : | |
| **NETWORK, et. al.** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**STENGEL, J.**                                **October 21, 2014**

      Patti Kopko, plaintiff, brings this employment discrimination action against her

former employers Lehigh Valley Health Network, Lehigh Valley Hospital and her former

supervisor Kimberly Prokurat under the Age Discrimination in Employment Act

(ADEA), Title VII of the Civil Rights Act of 1964(Title VII) and the Pennsylvania

Human Relations Act (PHRA). Defendants move to dismiss portions of her complaint for

failure to exhaust administrative remedies. For the reasons that follow, I will grant

defendants' motion.

**I.      BACKGROUND**

      Ms. Kopko began working at Lehigh Valley Hospital on August 9, 1991. Ms.

Kopko was a case manager in the hospital's emergency department. According to the

complaint, Ms. Kopko had a stellar reputation at the hospital; however, her situation

began to sour when Kimberly Prokurat became the director of the Case Management

Department. Ms. Prokurat was Ms. Kopko's immediate supervisor. Ms. Kopko alleges, in

detail, how Ms. Prokurat was hostile to employees over forty years of age. Plaintiff alleges Ms. Prokurat also made racially discriminatory comments to an African American employee, and along with, other employees discriminated against minority, elderly and disabled patients.

On May, 4, 2009, Ms. Kopko brought her concerns to Susan Lawrence, Vice-President of Care Continuum. Ms. Kopko advised Ms. Lawrence that Ms. Kopko would participate in any proceeding brought by an employee or patient of the hospital who was discriminated against by Ms. Prokurat. Ms. Kopko also demanded that Ms. Prokurat be removed from her position. Defendants terminated Ms. Kopko on May 14, 2009 claiming that Ms. Kopko violated the Health Insurance Portability and Accountability Act (HIPAA). Ms. Kopko asserts that the hospital's explanation is pretext.

Ms. Kopko filed a charge of discrimination with the Pennsylvania Human Relations Commission on November 6, 2009. She dual-filed the charge with the Equal Employment Opportunity Commission (EEOC). Ms. Kopko's PHRC charge clearly sets forth facts supporting her age discrimination claim. She also avers that she was terminated for objecting to discrimination suffered by patients who were members of protected classes. Importantly, the PHRC charge includes no allegation that Ms. Prokurat discriminated against any employee on the basis of race nor that Ms. Kopko objected to any discrimination. The charge does not support that Ms. Kopko objected to acts of age discrimination. The EEOC issued a right to sue letter on December 2, 2013.

Ms. Kopko filed a four count amended complaint on August 7, 2014. Defendants take no issue with Ms. Kopko's timely age discrimination allegations. However,

defendants move to dismiss the retaliation claims because Ms. Kopko did not exhaust her administrative remedies.

## II.   STANDARD OF REVIEW

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), I may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben.Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). I must accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). However, I am not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v.

McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotation marks and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

## III.   DISCUSSION

Prior to bringing a claim for judicial relief under the ADEA, Title VII or the PHRA, a plaintiff must exhaust all administrative remedies. Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1414 (3d Cir. 1991) (discussing administrative remedies for age discrimination); Richardson v. Miller, 446 F.2d 1247, 1248 (3d Cir. 1971) ("Since plaintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies provided by the Acts.") Woodson v. Scott Paper Co., 109 F.3d 913, 924 (3d Cir. 1997)). A plaintiff claiming age discrimination in violation of the ADEA must file a charge of unlawful discrimination with the EEOC within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d); Colgan, 935 F.2d at 1414. To bring suit under the PHRA, a plaintiff must first file an administrative complaint with the PHRC within 180 days of the act of discrimination. See 43 Pa.C.S. §§ 959(a), 962. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Ms. Kopko filed her PHRC charge on November 6, 2009. Accordingly, she may assert a cause of action under the ADEA for events occurring on or after January 10,

4

2009. Events giving rise to her PHRA claim are timely if they occurred on or after May

10, 2009. Plaintiff does not dispute these limitations. To the extent Counts I and II seek

relief for events occurring before January 10, 2009 and May 10, 2009 respectively, I will

dismiss those claims with prejudice.

In addition to timely filing charges, Ms. Kopko must fully exhaust her

administrative remedies. The test for exhaustion is "whether the acts alleged in the

subsequent [civil action] are fairly within the scope of the prior EEOC complaint, or the

investigation arising therefrom." Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir.1996) (citing

Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984)); *see also* Ostapowicz v. Johnson

Bronze Co., 541 F.2d 394, 399 (3d Cir.1976) (stating that courts should allow plaintiffs

to sue for any Title VII violations "which can reasonably be expected to grow out of the

charge of discrimination"). "Under these circumstances, the legal analysis turns on

whether there is a close nexus between the facts supporting each claim or whether

additional charges made in the judicial complaint may fairly be considered explanations

of the original charge or growing out of it." Glavis v. HGO Services, 49 F. Supp.3d 445,

449 (E.D. Pa. 1999) (citing Bailey v. Storlazzi, 729 A.2d 1206, 1215 (Pa. Super. Ct.

1999)); *See also* Hicks v. ABT Associates, Inc. 572 F.2d 960, 67 (3d Cir. 1978)

("Otherwise, the charging party could greatly expand an investigation simply by alleging

new and different facts when he was contacted by the Commission following his

charge.").

I agree with defendants that Ms. Kopko did not exhaust her ADEA retaliation

claim. The ADEA anti-retaliation provision prohibits an employer from discriminating

5

against an employee who has opposed an unlawful employment practice, i.e. age discrimination in the work place. 29 U.S.C. § 623(d). Ms. Kopko limited her PHRC charge to her termination on the basis of her age and in retaliation for her opposition to the discriminatory treatment of certain patients. The charge does not suggest that Ms. Kopko ever opposed or complained about age discrimination at the hospital. Furthermore, Ms. Kopko did not automatically exhaust her retaliation claim by charging defendants with age discrimination. *See* Waiters v. Parsons, 729 F.2d 233, 237 n. 10 (3d Cir. 1984) (declining to follow Gupta v. East Texas State University, 654 F.2d 411, 413–14 (5th Cir. 1981)). Accordingly, her administrative charge and her newly asserted ADEA retaliation claim lack the close factual nexus required to find exhaustion.

Ms. Kopko tries to save her ADEA retaliation claim by including a very lengthy block quote from her PHRC charge.[1] The problem with Ms. Kopko's citation is that it consists of six hand-picked sentences which are pulled from four pages of her charge, taken out of context and re-printed out of order. She combines allegations regarding comparators with claims that she complained about the discriminatory treatment of

---

[1] "In the months preceding my termination, I witnessed numerous incidents of in appropriate and discriminatory conduct by employees of the Lehigh Valley Health Network, including numerous violations of HIPAA and Hospital privacy policy (PHRC Compl., doc. no. 12-2, 2) … as of the date of the date of my termination, I was forty –seven years of age. I am aware of numerous instances where Lehigh Valley Health Network has punished or terminated employees over the age of forty for alleged violations while imparting no discipline or termination to much younger employees who engaged in the identical conduct for which the employees over the age of 40 were disciplined (Id. 1-2) … I am aware of numerous other incidents of disparate treatment between employees forty year of age and older and substantial younger employees which occurred outside of my department. (Id. 2) … I have been subjected to discrimination and disparate treatment due to my age and the Lehigh Valley Health Network has been made aware of and condoned numerous blatant violations of the Health Insurance Portability and Accountability Act (HIPAA) (Id. 3) … I am further being retaliated against for openly discussing the specific discriminatory practices and HIPAA violations which discriminated against members of the protected classes, for opposing said practices and complaining about the same to supervisor (Id. 4) … Lehigh Valley Health Network has retaliated against me for opposing and reporting the above described discriminatory conduct including the HIPAA violations with the appropriate supervisory personnel (Id. 3)." Pl.'s Reply, Doc. No. 14, 7 (citations to PHRC Compl. added).

patients. This arrangement gives the illusion that Ms. Kopko opposed age discrimination at the hospital. However, these facts are unrelated. The charge's reference to comparators supports Ms. Kopko's argument that the reason for her termination was pretext. Her purported complaints about the disparate treatment of patients has no conceivable relationship with the ADEA. Therefore, facts supporting an ADEA retaliation claim would not fairly be wthin the scope of an investigation arising from this PHRC charge. Ms. Kopko's age retaliation claim is dismissed.[2]

Ms. Kopko also failed to exhaust her Title VII retaliation claim. According to Count III, defendants terminated Ms. Kopko because Ms. Kopko objected to Ms. Prokurat's discriminatory treatment of an African American employee. However, the PHRC charge contains absolutely no allegation that defendants discriminated against any African American employee, nor is there any claim that Ms. Kopko objected to any racially discriminatory conduct. There is simply no nexus between the facts in the PHRC charge and Count III.

According to Ms. Kopko, she exhausted her Title VII claim by referencing her objection to the discriminatory treatment of the hospital's patients.[3] This argument is

---

[2] The complaint does not include a count for ADEA retaliation. Ms. Kopko's response claims that her ADEA retaliation claim is included within Count I which claims relief under the ADEA.

[3] Her argument relies on the following statement in the initial charge, "The Emergency Room at the Lehigh Valley Heath Network, unlike other departments, deals directly with people who come in from the streets of the community. The overwhelming majority of Emergency Room patients are minorities/people of color, people who are disabled, over the age of forty and people of all sexual orientations, especially those suffering from HIV-related symptoms. Many of these individuals are poor and uninsured. During my tenure at the Leheigh Valley Health Network, it has been my staunch belief that these patients are to be afforded professional courtesy equal to those patients who have wealth, are insured and are not members of the protected class…. I witnessed numerous incidents of inappropriate and discriminatory conduct byemployees of the Lehigh Valley Health Network…. I am further being retaliated against for openly discussing the specific discriminatory practices and HIPAA violations which

unpersuasive. First, there is no nexus of fact between the two claims. The allegation that employees discriminated against minority patients is completely unrelated to her newly asserted claim that Ms. Prokurat made racially derogatory remarks to an African American employee. Second, Ms. Kopko's Title VII claim is not fairly within the scope of an investigation arising from these facts. Title VII only prohibits unlawful employment practices. *See* 42 U.S.C. § 2000e-3. The manner in which the employer treats its clients, customers or patients is not an employment practice. Thus, allegations that a hospital mistreated its patients would not plausibly cause the PHRC to investigate for Title VII infractions.

Finally, Ms. Kopko did not exhaust her PHRA retaliation claim in Count IV. Ms. Kopko pleads that defendants discriminated against her on account of her age, and that Ms. Kopko's termination was meant to discourage her from making a PHRA charge of age discrimination. Compl. ¶ 285, 286. As I have discussed with regard to Ms. Kopko's ADEA retaliation claim, her PHRC charge did not raise a claim for age retaliation. I will dismiss Count IV.

Ms. Kopko's response makes passing reference to the hospital being a place of public accommodation. Under the PHRA's public accommodation provision, the hospital may not "refuse, withhold from, or deny to any person because of his race, color, sex, religious creed, ancestry, national origin or handicap or disability … any of the [hospital's], advantages, facilities or privileges. 43 Pa.C.S. § 955 (i)(1). Ms. Kopko's

---

discriminated against members of the protected classes, for opposing said practices and complaining about same to a supervisor." Pl.'s Reply 9-10.

administrative complaint alleges that she complained about the discriminatory treatment of the hospital's minority, elderly and disabled patients and that she was terminated in retaliation for making those complaints. Ms. Kopko specifically raised a PHRA public accommodation retaliation claim in her complaint. In the face of a motion to dismiss, Ms. Kopko filed an amended complaint removing the public accommodation claim. Count IV of the amended complaint solely alleges age retaliation under the PHRA; thus, her administrative complaint did not exhaust the cause of action now asserted in Count IV.[4]

## IV.    CONCLUSION

For the foregoing reasons, I will grant the defendants' motion to dismiss. I will dismiss the claims asserted in Counts I and II to the extent they are time barred as well as Ms. Kopko's ADEA retaliation claim in Count I. I will also dismiss Counts III and IV in their entirety because Ms. Kopko did not exhaust her administrative remedies. Ms. Kopko's ADEA and PHRA age discrimination claims may proceed to discovery.

An appropriate order follows.

---

[4] A PHRA retaliation claim based on the public accommodation provision would have been a novel cause of action, but I agree with defendants that it would have been legally questionable. However, I will not decide the viability of such a claim since Ms. Kopko withdrew it from the complaint.